UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSEPH MAURICIO,

                          Petitioner,

                                                                  **Hon. Hugh B. Scott**

                           v.                                           **05CV518**

                                                           **(CONSENT)**

JOHN DONELLI, Superintendent,                  **Decision**
                                                                  **&**
                        Respondent.                     **Order**

      Petitioner Joseph Mauricio has filed an application to this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging his state court conviction. He asserts the following grounds in support of his Petition: ineffective assistance of counsel; excessive sentence; failure to hold a competency hearing; denial of fair trial due to not being informed of the right to testify in his own defense; prosecutorial misconduct in the opening statement. The parties consented to proceed before the undersigned as Magistrate Judge (pursuant to 28 U.S.C. § 636(c)) (Docket No. 7, October 27, 2005).

**BACKGROUND**

*Offense and State Court Proceedings*

      On October 10, 2000, after midnight, the victim waited at a pay telephone for a cab. Petitioner drove to that telephone, made a call, returned to the car and opened the passenger door. Petitioner then reached back, grabbed the victim's arm and dragged her into the car. Petitioner then drove to a deserted business area. The victim jumped out of the car and attempted to flee.

Petitioner recaptured the victim and then removed her pants and underwear and attempted to force intercourse. He repeated this until police officers came and arrested him. (See Docket No. 5, Resp't Br. at 1-2; State Court Record, Ex. B, Resp't Br. at 5-7.)

Petitioner was convicted of attempted rape in the first degree and unlawful imprisonment in the second degree following a trial in Erie County Court in 2002. Petitioner did not testify at trial. The prosecutor argued in his opening statement that the case was a simple case of a local hero saving a woman from a sexual predator and that the grand jury so found in indicting the petitioner, with the petit jurors implicitly to follow the grand jury's lead (Tr.[1] of Jan. 4, 2002, at 39). Petitioner complains that this statement exceeded the appropriate bounds for an opening statement and thus deprived petitioner of a fair trial. Defense counsel moved for a mistrial, which was denied (id. at 42). The trial court denied the motion for a mistrial (id. at 44-45) and denied issuing a curative instruction (id. at 45).

On March 6, 2002, petitioner was sentenced to eight years in prison for the attempted rape charge, one year to be served concurrent for the unlawful imprisonment, and five years of post-release supervision (Tr. of Mar. 6, 2002, at 20).

*Appeal*

Petitioner appealed his conviction, which the Appellate Division, Fourth Department, affirmed, People v. Mauricio, 8 A.D.3d 1089, 778 N.Y.S.2d 400 (4th Dep't 2004). There, petitioner argued that the trial court erred in denying him youthful offender status, that he was deprived of a competency hearing and none was requested by counsel, that he was denied a fair trial when he was not told that the decision to testify was his, and his rights were violated by the

---

[1]"Tr." refers to the trial transcript in state court.

prosecutor's opening statement which exceeded appropriate bounds. The Fourth Department held that petitioner was not denied effective assistance of counsel in the decision not to seek competency hearing, 8 A.D.2d at 1090, 778 N.Y.S.2d at 400 (citing People v. Dunn, 261 A.D.2d 940, 940-41, 690 N.Y.S.2d 349 (4th Dep't), leave denied, 94 N.Y.2d 822, 702 N.Y.S.2d 592 (1999)). The court held that there was no requirement that the defendant personally waive his right to testify on the record, but noted that the County Court still conducted an inquiry into whether petitioner's waiver was knowing, intelligent and voluntary. The Fourth Department denied his contention that he received ineffective assistance of counsel at sentencing or before when counsel did not seek a competency hearing, id.; see People v. Carter, 158 A.D.2d 851, 852, 551 N.Y.S.2d 644, 647 (3d Dep't 1990). Leave to appeal from the Fourth Department's decision was denied, People v. Mauricio, 3 N.Y.3d 678, 784 N.Y.S.2d 16 (2004).

*Habeas Petition*

Petitioner then filed this Petition on July 25, 2005 (Docket No. 1). Respondent filed an Answer with attached record from the state court proceedings (Docket No. 4).

## DISCUSSION

I.   Exhaustion

In the interest of comity and in keeping with the requirements of 28 U.S.C. § 2254(b), federal courts will not consider a constitutional challenge that has not first been "fairly presented" to the state courts. See Ayala v. Speckard, 89 F.3d 91, 94 (2d Cir. 1996), citing Picard v. Connor, 404 U.S. 270, 275 (1971); Daye v. Attorney General of New York, 696 F.2d 186, 191 (2d Cir. 1982) (in banc), cert. denied, 464 U.S. 1048 (1984). A state prisoner seeking federal habeas corpus review of his conviction must first exhaust his available state remedies

with respect to the issues raised in the federal habeas petition. Rose v. Lundy, 455 U.S. 509 (1982). However, under 28 U.S.C. § 2254(b)(2), where appropriate the Court may deny the relief requested in the petition upon a review of the merits notwithstanding the failure of the applicant to exhaust state court remedies.

Based on the record before the Court, it appears that the petitioner has exhausted his state court remedies on many of his claims, but not as to the excessiveness of his sentence or the ineffectiveness of counsel under federal law. In any event, review of the claims asserted in the Petition is appropriate under § 2254(b)(2).

II.    Standard of Review

State court findings of "historical" facts, and inferences drawn from those facts, are entitled to a presumption of correctness. Matusiak v. Kelly, 786 F.2d 536, 543 (2d Cir.), cert. denied, 479 U.S. 805 (1986). (See also 28 U.S.C. § 2254(e)(1), which states that "a determination of a factual issue made by a State court shall be presumed to be correct.")

As amended by the Antiterrorism and Effective Death Penalty Act of 1996[2] ("AEDPA"), 28 U.S.C. § 2254(d) provides that a habeas corpus petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of that claim:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[2]    Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.

4

>   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The habeas corpus petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. The presumption of correctness attaches to findings both by state trial courts and by state appellate courts. Smith v. Sullivan, 1 F. Supp. 2d 206, 210-11 (W.D.N.Y. 1998) (Larimer, Ch.J.); Nevius v. Sumner, 852 F.2d 463, 469 (9th Cir. 1988), cert. denied, 490 U.S. 1059 (1989).  As noted by then-Chief Judge Larimer in Smith, "the new version of § 2254(d) has clearly raised the bar for habeas petitioners, placing on them the burden to show by clear and convincing evidence that the state court's decision was defective in some way." Smith, supra, 1 F. Supp. 2d at 211.

Prior to the enactment of the AEDPA, § 2254(d) provided that a state court "determination after a hearing on the merits of a factual issue . . . shall be presumed to be correct," unless certain specified exceptions existed.  When it enacted AEDPA, Congress changed the language dealing with the presumption of correctness of state court findings of fact and moved it to § 2254(e), and also added the current version of § 2254(d).  The amended statute "requires federal courts 'to give greater deference to the determinations made by state courts than they were required to do under the previous law.'" Ford v. Ahitow, 104 F.3d 926, 936 (7th Cir.1997) (quoting Emerson v. Gramley, 91 F.3d 898, 900 (7th Cir. 1996), cert. denied, 520 U.S. 1122 (1997)); see also Houchin v. Zavaras, 107 F.3d 1465, 1470 (10th Cir.1997) ("AEDPA increases the deference to be paid by the federal courts to the state court's factual findings and legal conclusion").

Initially, it should be noted that the petitioner has failed to preserve these arguments for habeas corpus review.  Federal habeas review is barred when a state court expressly relied on a procedural default as an independent and adequate state ground.  See Harris v. Reed, 489 U.S. 255 (1989); Wainwright v. Sykes, 433 U.S. 72 (1977). "A federal court is generally precluded from reviewing any claim included within the habeas petition for which a 'state court rests its judgment on an adequate and independent state ground, including a state procedural bar.'" Bacchi v. Senkowski, 884 F. Supp. 724, 730 (E.D.N.Y.1995) (quoting Reid v. Senkowski, 961 F.2d 374, 377 (2d Cir. 1992) (per curiam)). A state procedural bar arises through a failure to make a timely appeal, or through a failure to preserve a claim of appeal through contemporaneous objection. Reid, supra, 961 F.2d at 377.  Failure to comply with a state's contemporaneous objection rule bars subsequent federal habeas corpus review unless petitioner is able to demonstrate both cause for the procedural default and actual prejudice attributable thereto. Wainwright, supra, 433 U.S. at 81-91 (1977); Washington v. LeFerve, 637 F. Supp. 1175, 1177 (E.D.N.Y.1986).  "In order to demonstrate cause for his procedural fault, petitioner would have to show that 'some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" Washington, supra, 637 F. Supp. at 1177 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  These principals have been applied even where a defendant represents himself at trial.  Reed v. Farley, 512 U.S. 339 (1994); Wells v. LeFavre, 1996 WL 692003 (S.D.N.Y. 1996).

6

III.   Ineffective Assistance of Counsel

   A.   General Standard

Petitioner's claim of ineffective assistance must be analyzed according to the standards set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court stated that the test for an ineffective-assistance claim in a habeas corpus case is whether the petitioner received "reasonably competent assistance." Id. 466 U.S. at 688. In deciding this question, the court must apply an objective standard of reasonableness. Id. Generally, defense counsel are "strongly presumed to have rendered adequate assistance . . ." Id. at 690. To succeed on such a claim, then, the petitioner must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

If defense counsel's performance is found to have been defective, relief may only be granted where it is shown that the defense was actually prejudiced by counsel's errors. Strickland, 466 U.S. at 692 (emphasis added). Prejudice is established upon a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The court determines the presence or absence of prejudice by considering the totality of the trial evidence. Id. at 695. Petitioner bears a heavy burden to prove these two elements. Sullivan v. Fairman, 819 F.2d 1382, 1390 (7th Cir. 1987).

Here, petitioner raises two instances of ineffectiveness of defense counsel: first, trial counsel failed to seek a competency hearing for petitioner and, second, counsel was ineffective during sentencing, allowing petitioner to be sentenced as a repeat offender and not as a Youthful Offender.

B.    Seeking a Competency Hearing

Petitioner argues that defense counsel was ineffective by not seeking a competency hearing when counsel found that he was unable to communicate with petitioner and it became clear that the petitioner may not have understood what was going on during the trial (Docket No. 6, Pet'r Written Response at 2). Petitioner's initial counsel, in June 25, 2001, accepted the forensic examination's finding of competence (Tr. at June 25, 2001, at 2). Petitioner and later appellate counsel noted petitioner's inability to communicate with counsel and lack of understanding of the proceedings (Tr. of Jan. 3, 2002, at 7-8, 13-14; see Ex., Appellant Br. at 9, 10). New defense counsel, Joseph Terranova, noted that petitioner was forensically examined (Tr. of Jan. 3, 2002, at 8). The trial judge noted at sentencing petitioner's immaturity and that petitioner appeared to have serious mental problems (Tr. of Mar. 6, 2002, at 15, 15-16). On appeal, the Fourth Department held that petitioner was not deprived of effective assistance of counsel by his attorney not seeking a competency hearing, Mauricio, supra, 8 A.D.3d at 1090, 778 N.Y.S.2d at 400.

A defendant who lacks the mental capacity to understand the nature of the charges against him, consult with counsel, or assist in his defense may not be subject to trial. Drope v. Missouri, 420 U.S. 162, 171 (1975). A defendant is competent if he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and [if] he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960). (Docket No. 5, Resp't Memo. at 13.) The Due Process Clause, however, does not require a competency hearing in every instance. See United States v. Nichols, 56 F.3d 403, 414 (2d Cir. 1995). A hearing is not required unless the court has

reasonable cause to question a defendant's competency, see United States v. Kirsh, 54 F.3d 1062, 1070 (2d Cir. 1995), with that determination made on the sound discretion of the judge, Nichols, supra, 56 F.3d at 414.

On the objective standard prong of Strickland, respondent contends petitioner was deemed competent to stand trial and the stress of the trial and petitioner's incarceration did not render him incompetent (Docket No. 5, Resp't Memo. at 14).  Respondent disputes the trial court's statement at sentencing that petitioner had mental problems constituting a finding of a lack of competence (id.).  He concludes that the state court's adjudication on this issue was not objectively unreasonable (id. at 15), see Shaut v. Bennet, 289 F. Supp. 2d 354, 362 (W.D.N.Y. 2003) (Larimer, J.).

Given that the determination of whether to conduct a competency hearing is discretionary with the trial court, the failure to request such a hearing (especially after the petitioner was evaluated initially) does not fall below an objective professional standard of reasonableness. Despite defense counsel's problems in communicating with petitioner, counsel proceeded to conduct the defense.

Therefore, review of this portion of petitioner's ineffective assistance claim is **denied**.

C.   Effectiveness During Sentencing

Petitioner complains that defense counsel failed to seek Youthful Offender status for petitioner, arguing that he was eighteen years old when the offense occurred (Docket No. 6, Pet'r Response at 1).

Respondent contends that defense counsel's performance here was not deficient because he argued for sentencing petitioner to the minimum sentence based upon his lack of prior

9

convictions and producing petitioner's family to speak on his behalf (Docket No. 5, Resp't Memo. at 9, 10; Tr. of Mar. 6, 2002, Sentencing, at 3-4, 5-8).

Petitioner was nineteen years old when he was sentenced in March 2002 (Tr. of Mar. 6, 2002, at 5), where the trial court noted that petitioner "seems sort of immature to me sometimes" (id.). Petitioner argued then that he should receive Youthful Offender status (and probation rather than a term of imprisonment) (id. at 8-9), but the trial court found petitioner was an adult (id. at 9-10) and declined to adjudicate him as a Youthful Offender (id. at 14, 16, 17).

However, as was found by the Fourth Department, Mauricio, supra, 8 A.D.3d at 1090, 778 N.Y.S.2d at 401, petitioner did not preserve this issue (or the issue of considering his prior criminal charge in sentencing him) for state appellate review, despite appellate counsel's argument of this contention (see Docket No. 6, Pet'r Written Response Point One), hence did not exhaust this issue for federal habeas review. Therefore, review of this portion of petitioner's ineffectiveness claim is **denied**.

IV.     Petitioner's Right to Testify

Petitioner argues that he was denied due process because he was never informed of his right to decide whether he would testify and that the decision to waive that right was ultimately his. He contends that defense counsel bullied him and the trial court into waiver of his right to testify. (Docket No. 6, Pet'r Written Response Point Three.)

The trial court advised petitioner of his right to testify (Tr. at 287, 294-95, 297-98). Defense counsel strongly advised petitioner against testifying and resting the defense, asking the court not to make inquiry from petitioner (Tr. at 287-91, 292), even arguing that regardless of petitioner's answer to the court's inquiry counsel intended to close the defense's case (Tr. 290).

10

Petitioner initially stated that he wanted to testify (Tr. 291). The trial court stated that the decision for petitioner to testify was between him and his attorney (id.). Defense counsel deemed that decision to be a tactical one made between him and his client (Tr. 293), later claiming that if petitioner did not go along with counsel's advice on this point there would be a mistrial (Tr. 299). Petitioner asked if the court or the jury expected him to testify (Tr. 294, 295, 296). The court placed the decision whether petitioner should testify with him (Tr. 299). Petitioner, after a seven to eight minute conference with counsel and his parents, agreed to not testify and have the defense rest (Tr. 300).

Respondent argues that the trial court's actions were not objectively unreasonable. He contends petitioner has not argued that his waiver of the right to testify was knowing, voluntary and intelligent (Docket No. 5, Resp't Memo. of Law at 16-17.) Alternatively, respondent concludes that the state court's resolution was not contrary to settled Supreme Court precedent (id. at 17).

The United States Court of Appeals for the Second Circuit held that a defendant's right to waive his right to testify is personal to him. Brown v. Artuz, 124 F.3d 73, 78 (2d Cir. 1997), cert. denied, 522 U.S. 1128 (1998). There is no Supreme Court decision on point, however, see id. at 76 (citing Rock v. Arkansas, 483 U.S. 44 (1987) (holding right to testify found in several provisions of the Constitution)), 78, that is, whether this right is personal to the defendant (as opposed to exercisable by defense counsel on the client's behalf) and the mechanics surrounding implementation of that right. The Second Circuit recognized two categories of constitutional rights held by defendants, those waivable by defense counsel on the client's behalf and those fundamental and personal to the defendant that are waivable by the defendant only, id. at 77

(quoting United States v. Teague, 953 F.2d 1525, 1531 (11th Cir. 1992) (in banc)).  Examples of the personal rights include deciding whether to enter a guilty plea, whether to waive a jury trial, whether to appeal, id., and whether to represent oneself, see id. at 78, citing Faretta v. California, 422 U.S. 806 (1975); Rock, supra, 438 U.S. at 52.  The Second Circuit in Brown held that the defendant's decision to testify was also a personal decision, 124 F.3d at 77-78.  The "decision whether to testify belongs to the defendant and may not be made for him by defense counsel," id. at 78.  "Although counsel has the right, and indeed the professional duty, to advise his client of the benefits and pitfalls of a decision to take the stand on his own behalf, see 1 Standards for Criminal Justice, Standard 4-5.2(a), the ultimate decision regarding whether to testify belongs to the defendant," id.

While the Supreme Court has not ruled on the personal nature of this right or its mechanics, the Court found that the right to testify is "even more fundamental to a personal defense than the right of self-representation," Rock, supra, 483 U.S. at 52; see Brown, supra, 124 F.3d at 78.  The Second Circuit concluded that the trial court has no general obligation to inform defendant of his right to testify and ascertain whether the defendant wishes to waive that right, but defense counsel should advise the client of his rights, the pros and cons of exercising that right, and abide by defendant's decision on this matter.  Brown, supra, 124 F.3d at 79.  The court then decided, under an ineffective assistance of counsel standard, the appropriate professional standard for counsel if he fails to inform his client of his rights and options or even prevents his client from exercising his right to testify, see id. at 76-77, 79-81.  In that case, petitioner made a proffer of his expected testimony, see id. at 80-81, and the court held that

petitioner did not establish the prejudice prong under Strickland in not allowing him to testify, id. at 81.

Here, defense counsel viewed the decision whether to have petitioner testify as a tactical decision, essentially for counsel to make (Tr. at 293, 298-99), a decision beyond court inquiry (see Tr. at 287-91, 292, 298). Assuming this Circuit's standard were to apply here, and although the Second Circuit does not require a court colloquy on the waiver of the right to testify (or bar such an inquiry), see Brown, supra, 124 F.3d at 79, the trial court did not err in inquiring whether petitioner agreed with defense counsel and knowingly waived his right to testify (Tr. at 299). Defense counsel was incorrect under Brown in considering the decision whether to have petitioner testify to be merely a tactical decision that counsel could exercise.

But under 28 U.S.C. § 2254(d)(1), for habeas review the state court's decision had to be contrary to, or involve an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States" (emphasis added). As noted by the Second Circuit in Brown, see 124 F.3d at 76, 78-79, aspects of the mechanics of the personal right of a defendant to testify on his own behalf are not yet clearly established (namely, who advises the defendant of this right, the court, the defense counsel, or defendant himself, id. at 78-79 (citing cases)) and have not been established by the Supreme Court. Even the personal nature of the right to testify has not been clearly established by the Supreme Court. Rock v. Arkansas, 438 U.S. 44, 51, only recognizes the constitutional origins of a defendant's right to testify, and hints at its personal nature, see id. at 52, "[i]mportant questions concerning this right were not answered by Rock and have not been resolved," Brown, supra, 124 F.3d at 76, by the Supreme Court. Absent such a clear statement of federal law that the trial court deviated from, federal

habeas relief is not available. Further, absent a standard, it is not clear that the trial court erred in how it conducted this matter; the court inquired of defendant of his intentions, allowed him to confer with counsel and his family prior to committing to waiving his right to testify. Defense counsel's contention may have erred, but that error was cured by the trial judge's insistence upon questioning the petitioner's intentions. Unlike Brown, 124 F.3d at 80-81, the petitioner here made no proffer of what he intended to testify to had he been allowed to proceed. Thus, it is unknown whether his testimony ultimately would have changed the jury's verdict in this case. Petitioner also has not raised (either here or anytime in the state judicial system) an ineffective assistance of counsel claim, like raised in Brown, supra, 124 F.3d at 76, 79-81, for defense counsel's obstructing petitioner's testimony. As a result, the Petition on this point must be **denied**.

V.   Sentence

Next, petitioner complains that his sentence of eight years was unconstitutionally excessive. First, respondent counters that petitioner never argued this claim in state court, hence not exhausting it. Second, on the merits, respondent argues that the sentence was within the statutory range for petitioner's offense, hence not raising a constitutional issue (Docket No. 5, Resp't Memo. at 11). White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam).

Habeas review is only available where petitioner asserts that his sentence was imposed in such an arbitrary or capricious abuse of discretion to amount to a constitutional violation or an error of law resulting in a deprivation of liberty. White, supra, 969 F.2d at 1383. Attempted rape in the first degree is a violent class B felony with a sentence range of five to twenty-five years, N.Y. Penal L. §§ 110.00, 110.05(3) (attempt of class B felony offense), 130.35, 70.02(1)(a),

(3)(a) (first degree rape as violent felony). Petitioner's eight-year sentence is within that range. Thus, habeas relief on this ground is **denied**.

VI.   Prosecution's Opening Statement

Petitioner complains that he was deprived of a fair trial because of the prosecution's prejudicial statement. Respondent first argues that the issue of whether the opening statement deprived petitioner of a fair trial was not presented to the trial court and thus was not preserved on appeal (Docket No. 5, Resp't Memo. at 18-19) and petitioner did not raise the ground in his motion for leave to appeal the affirmance to the New York Court of Appeals (id. at 19). On its merits, respondent contends that the statement did not sufficiently infect the trial as to render it unconstitutionally unfair (id., citing Donnelly v. DeChristoforo, 416 U.S. 637, 645 (1974)).

The propriety of argument made by prosecutors at trial generally does not present a meritorious federal question. Gonzalez v. Sullivan, 934 F.2d 419, 424 (2d Cir. 1991). This Court has to assess how prejudicial the prosecutor's conduct was, what measures, if any, the trial court used to cure the prejudice, and whether the conviction was certain absent the prejudicial conduct. Gonzalez, supra, 934 F.2d at 424.

Here, the prosecution's opening statement, while erroneous in virtually directing the trial jurors to adopt the findings of the grand jury (although all the grand jury found that there was probable cause to indict petitioner for the offenses charged) was not sufficiently prejudicial and petitioner did not preserve the issue throughout his appeals for federal habeas review. Therefore, this ground is also **denied**.

VI.     Certificate of Appealability

An appeal from a final order in a habeas corpus proceeding involving process issued by a state court requires a certificate of appealability before an appeal can be taken. 28 U.S.C. § 2253(c)(1)(A). Under that statute "a certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322 (2003). As discussed above, the claims raised by petitioner here do not make a substantial showing of the denial of a constitutional right. There is an adequate independent state law ground that bars federal habeas review. Thus, the Court **declines** to issue a certificate of appealability.

## CONCLUSION

Based on the above, the petition is **DENIED**. The Court declines to issue a certificate of appealability. Pursuant to Fed. R. App. P. 22(b)(1), petitioner may request a circuit judge of the United States Court of Appeals for the Second Circuit to issue the certificate.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       March 24, 2006