UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSEPH MAURICIO,

           Petitioner,

                                                  **Hon. Hugh B. Scott**

           v.

                                                  05CV518

                                                  (CONSENT)

JOHN DONELLI,
                                                  **Order**

           Respondent.

       Before the Court are (a) petitioner's motion for extension of time to file his Notice of Appeal (Docket No. 11) and (b) his motion for appointment of counsel (Docket No. 12) for the appeal from the dismissal of petitioner's Habeas Corpus Petition. Petitioner is an inmate proceeding pro se. The parties consented to proceed before the undersigned as Magistrate Judge on October 27, 2005 (Docket No. 7). This Court dismissed that Petition on March 24, 2006 (Docket No. 8; see Docket No. 9, Judgment, entered Mar. 28, 2006), and declined to issue a certificate of appealability ("COA"). Petitioner thus had to apply to the United States Court of Appeals for that COA (Docket No. 8, Order at 16).

       On November 20, 2006, petitioner filed his Notice of Appeal (Docket No. 10) and his first motion for an extension of time to file that Notice (Docket No. 11). In the motion, he argues that he was in special housing unit on keeplock at Gowanda and Upstate Correctional Facilities and was released on September 21, 2006. During his incarceration in that unit, petitioner was deprived access to the law library (Docket No. 11). He also contends that he was unable to retain counsel (in part) due to his degree of incarceration in the special housing unit (Docket No. 12).

He, however, does not explain the delay between September 21 and November 20, 2006, in his filing of the Notice or the motion and he does not indicate that he has applied for or obtained a COA issued by a Judge from the Circuit Court.

A litigant generally has thirty days from entry of the judgment or order to file his appeal, Fed. R. App. P. 4(a)(1)(A).  Federal Rule of Appellate Procedure 4(a)(5)(A)(ii) allows the district court to extend the time to file a notice of appeal after the time prescribed in Rule 4(a) has expired provided that the would be appellant "shows excusable neglect or good cause," id.  This Court, in considering a motion to extend the time to file the Notice of Appeal, must consider the danger of prejudice to the non-movant respondent, the length of the delay and its potential impact upon judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith, United States v. Carson, 52 F.3d 1173, 1180 (2d Cir. 1995) (quoting United States v. Hooper, 9 F.3d 257, 259 (2d Cir. 1993) (quoting in turn Pioneer Investment Serv. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 395 (1993))), cert. denied, 516 U.S. 1122 (1996).

Federal Rule of Appellate Procedure 22(b)(1) states that "an applicant [for habeas relief] cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c).  If an applicant files a notice of appeal, the district judge who renders the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . .  If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate."  In the Order dismissing this Petition, the Court stated reasons why a COA should not issue (Docket No. 8, Order at 16).  Thus, petitioner had to apply to the United States Court of Appeals for one of the circuit judges to issue that COA before

2

proceeding with his appeal.  The Second Circuit's own local rules requires a prompt motion for a COA, with that motion identifying the issues the petitioner intends to raise in his appeal, 2d Cir. Loc. R. 22(a).  An appellant filing a Notice of Appeal without this motion will receive a letter from the Second Circuit's Court Clerk reminding the appellant of this required motion and give the appellant twenty-one days to file that motion; failure to file may result in the denial of the COA, id., and the appeal will not proceed without the COA first being granted, id.

At issue here, however, is the timeliness of the Notice of Appeal absent compliance with the COA motion practice required by this Circuit.  The delay from March to September 2006 was excusable due to petitioner's incarceration and the degree of that incarceration with petitioner in keeplock within the special housing unit within two facilities and petitioner has shown that he acted in good faith during this period.  Petitioner, however, fails to explain his two-month delay in filing this Notice after September 2006.  Further, he has not shown that intends to make the motion required to obtain the certificate of appealability.  Therefore, petitioner's motion for extension of time to file his Notice of Appeal (Docket No. 11) is **denied**.  As a result, petitioner's motion for appointment of counsel (presumably to pursue the appeal) is **denied as moot**.

So Ordered.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Hugh B. Scott
　　　　　　　　　　　　　　　　　　　　　　　　Honorable Hugh B. Scott
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Dated: Buffalo, New York
　　　　December 8, 2006